IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MONTE C. LITTLE COYOTE, JR., <br><br> Plaintiff, <br><br> vs. <br><br> LORI HARPER SUEK; DAWN ROBERTS, DONALD W. MALLOY; CAROLYN S. OSTBY; UNKNOWN F.B.I. AGENT; UNKNOWN B.I.A. AGENT; UNKNOWN TRIBAL POLICE, <br><br> Defendants. | CV 15-0076-BLG-SPW-CSO <br><br><br> ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This matter comes before the Court on Plaintiff Monte Little Coyote, Jr.'s Motion to Proceed in Forma Pauperis (*ECF 1*) and a proposed Complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *ECF 2.* The motion to proceed in forma pauperis will be granted but the allegations in the Complaint are barred by the doctrine set forth in *Heck v. Humphrey* and therefore this matter should be dismissed

**I. MOTION TO PROCEED IN FORMA PAUPERIS**

1

Little Coyote has filed a Motion to Proceed in Forma Pauperis and submitted an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). *ECF 1*. The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Little Coyote must pay the statutory $350.00 filing fee. Little Coyote submitted a certificate of inmate trust account from the Bureau of Prisons showing an average monthly balance of $22.55 and average monthly deposits of $102.26 for the past six months. Therefore, an initial partial filing fee of $20.45 ($102.26 x 20%)(allowing an assessment in the amount of 20% of the greater of the prisoner's average monthly deposits or average monthly balance) will be assessed. A separate order will direct the agency having custody of Little Coyote to collect the initial partial filing fee from Little Coyote's account and forward it to the Clerk of Court.

Thereafter, Little Coyote must make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by Congress and cannot be altered. 28 U.S.C. § 1915(b)(2). A separate order will direct the agency having custody of

Little Coyote to forward payments from his account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. STATEMENT OF CASE

### A. Parties

Little Coyote is a federal prisoner proceeding without counsel. The named Defendants are Lori Harper Suek, Assistant U.S. Attorney; Dawn Roberts, a U.S. Probation Officer; Donald W. Molloy, U.S. District Court Judge; Carolyn S. Ostby, U.S. Magistrate Judge;[1] unknown F.B.I. agents; unknown B.I.A. investigator; and an unknown Northern Cheyenne Tribal Police Officer. *Complaint, ECF 2 at 3*.

---

[1] The undersigned need not recuse herself simply because she has been named as a Defendant. *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him [in the context of scurrilous attacks]"). The standard for recusal is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Id*. at 939 (quotation omitted). Ordinarily, the alleged bias must stem from an "extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 554-56 (1994). "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Id*. The mere fact that the undersigned presided over proceedings in Little Coyote's underlying criminal action does not constitute a basis for a bias or partiality motion. This Court never displayed "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. In addition, Little Coyote's claims against the undersigned are barred by judicial immunity as set forth below. *See Snegirev v. Sedwick*, 407 F.Supp.2d 1093, 1097 (D. Alaska 2006) (judge declining to recuse self even though he was a named defendant with other federal judges where the complaint was wholly frivolous). There is no basis for recusal.

### B. Prior Criminal Proceedings

Mr. Little Coyote pled guilty to aggravated sexual abuse and was sentenced to 135 months imprisonment and a ten-year term of supervised release. *United States v. Little Coyote*, 13-CR-0074-BLG-DWM (*ECF 28-29*). He filed a timely motion under 28 U.S.C. § 2255 on July 2, 2015 which was denied July 31, 2015. *See 2015 WL 4617443*.

### C. Allegations

Little Coyote alleges numerous violations of his constitutional rights with regard to alleged errors in his criminal proceedings. *Complaint, ECF 2 at 3-6.*

## III. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A. Standard

As Little Coyote is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. These statutes require the Court to review a prisoner's complaint and dismiss it or portions there of before it is served upon the defendants if it finds that the complaint is "frivolous," if it "fails to state

4

a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint must set forth "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)(*quoting Bell*, 550 U.S. at 555 (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957))).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 551 U.S. at 94; *Cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

Although the statute requires a dismissal for the reasons stated, the district court has discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

**B. Analysis**

Little Coyote's claims against Judge Molloy, the undersigned, and U.S. Attorney Suek are not cognizable. Judges and prosecutors are immune from liability when they are functioning in their official capacities. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976); *see also Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); *Ashelman v. Pope*, 793 F.2d

1072, 1075 (9th Cir. 1986) (holding that judges and prosecutors are immune from liability for damages). Where a prosecutor acts within his authority "'in initiating a prosecution and in presenting the state's case,' absolute immunity applies." *Ashelman*, 793 F.2d at 1076 (*quoting Imbler*, 424 U.S. at 431). Little Coyote's claims arise out of the Defendants functioning in their official capacities. As such, Judge Molloy, the undersigned, and Ms. Suek are entitled to absolute immunity and should be dismissed.

In addition, Little Coyote's claims are challenges to his criminal conviction and as such, are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. *Id.* The *Heck* doctrine applies to *Bivens* actions. *Martin v. Sias*, 88 F.3d

774, 775 (9th Cir. 1996); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (the *Heck* doctrine applies regardless of the type of relief sought if "success in [an] action would necessarily demonstrate the invalidity of confinement or its duration").

> [W]hen a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487.

A determination in this Court regarding whether any of Little Coyote's rights were violated during his criminal proceedings would necessarily imply the invalidity of those convictions. As Little Coyote's conviction has not been reversed, declared invalid, expunged, or called into question, his claims are barred by *Heck*.

## IV. CONCLUSION

Judge Molloy, the undersigned, and U.S. Attorney Suek are entitled to absolute immunity and should be dismissed. In addition,

8

Little Coyote's claims are barred by the *Heck* doctrine. These are not defects which could be cured by amendment. Accordingly, the Complaint should be dismissed.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Little Coyote's Motion for Leave to Proceed in forma pauperis (*ECF 1*) is granted. The Clerk of Court shall waive prepayment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is deemed filed on August 10, 2015.

3. At all times during the pendency of this action, Little Coyote must advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

**RECOMMENDATIONS**

1. Little Coyote's Complaint (ECF 2) should be dismissed. The

Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).[2]

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Little Coyote may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing)

---

[2]The question of whether a complaint dismissed pursuant to *Heck* constitutes a strike has not been addressed by the Ninth Circuit. *Andrews v. Cervantes,* 493 F.3d 1047, 1052, n. 2 (9th Cir. 2007). But other circuit courts of appeals that have addressed the issue have held that *Heck* dismissals are for failure to state a claim and therefore constitute a "strike" under § 1915(g). *See Hamilton, v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). The Court finds this authority persuasive.

hereof.³ 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 31st day of August, 2015.

*/s/ Carolyn S. Ostby*
United States Magistrate Judge

---

³As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.