IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED

SEP 2 9 2015

Clerk, U S District Court
District Of Montana
Billings

MONTE C. LITTLE COYOTE, JR.,

Plaintiff,

vs.

LORI HARPER SUEK; DAWN ROBERTS; DONALD W. MALLOY; CAROLYN OSTBY; UNKNOWN F.B.I. AGENTS; UNKNOWN B.I.A. AGENTS; and UNKNOWN TRIBAL POLICE,

Defendants.

CV 15-76-BLG-SPW

ORDER

On July 2, 2014, Plaintiff Monte Little Coyote received a 135 month sentence after pleading guilty to Aggravated Sexual Abuse. *See* Judgment, *United States v. Monte Little Coyote*, CR 13-74-BLG-DWM (D. Mont. July 2, 2014). Little Coyote filed this civil action against people involved in the criminal proceedings[1] and alleges that they violated his constitutional rights. Pursuant to 28 U.S.C. §§ 1915 and 1915A, United States Magistrate Judge Carolyn Ostby screened the Complaint to determine if it stated any viable causes of action. Judge Ostby concluded that all the named defendants are entitled to absolute immunity. In addition, Judge Ostby found that Little Coyote's claims are barred by the

---

[1] In the caption, Little Coyote misspelt the name of Judge Donald Molloy.

1

doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Accordingly, Judge Ostby issued Findings and Recommendations, in which she recommends that this Court dismiss Little Coyote's Complaint.

Little Coyote objected to the Findings and Recommendations. Therefore, Little Coyote is entitled to a de novo review of the portions to which he objected. 28 U.S.C. § 636(b)(1). Little Coyote objected to three portions of the Findings and Recommendations. This Court finds the objections to be meritless.

First, Little Coyote claims that the screening process required by 28 U.S.C. §§ 1915, 1915A is facially unconstitutionally vague, as Congress did not define "frivolous," "malicious," or "fails to state a claim." However, the Ninth Circuit has defined all three of those terms and applied them according to their "ordinary, contemporary, common meaning." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Those terms do not fail "to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits." *Gospel Missions of Am., a religious corporation v. City of Los Angeles*, 419 F.3d 1042, 1047 (9th Cir. 2005). In addition, the screening process required of 28 U.S.C. §§ 1915 and 1915A survives both an equal protection analysis, *Christiansen v. Clarke*, 147 F.3d 655, 658 (8th Cir. 1998), and a due process analysis, *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001). The screening process is not unconstitutional.

Second, Little Coyote argues that Judge Ostby erred by not recusing herself "in light of her stellar track record of denying Indians due process of law...in favor of her prejudicial and pecuniary bias in favor of the United States in light of the financial interests created under contract pursuant to the Indian Self Determination & Education Assistance Act." (Doc. 6 at 3). Little Coyote does not provide any actual evidence to show bias or a track record of denying due process by Judge Ostby. As stated in the Findings and Recommendations, the standard for recusal is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). Since Little Coyote only presents broad assertions without any supporting evidence, Judge Ostby was not required to recuse herself.

Third, Little Coyote objects to the application of the *Heck* doctrine and urges the Court to instead apply *Schlup v. Delo*, 513 U.S. 298 (1995) and *Herrera v. Collins*, 506 U.S. 390 (1993). However, *Schlup* and *Herrera* are inapposite, as both establish the standard to show "actual innocence" when attempting to vacate a judgment. *Schlup*, 513 U.S. at 327; *Herrera*, 506 U.S. at 400. Little Coyote cannot vacate his conviction with a *Bivens* Action. In contrast, *Heck* held that before a plaintiff may proceed in a civil action for an allegedly unconstitutional conviction or for harm caused by unconstitutional actions that would render the

conviction invalid, he must show that the conviction has already been invalidated. *Heck*, 512 U.S. at 486-87; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Since Little Coyote is seeking civil remedies due to alleged unconstitutional acts and his conviction has not been invalidated, his Complaint is precluded by the *Heck* doctrine. Alternatively, Little Coyote asks this Court to "brush aside stare decisis." (Doc. 6 at 4). At this time, the Court declines to ignore binding Supreme Court precedent.

Judge Ostby did not err in the Findings and Recommendations. Accordingly, IT IS HEREBY ORDERED that:

1. Judge Ostby's Findings and Recommendations (Doc. 4) are ADOPTED IN FULL.

2. Little Coyote's Complaint (Doc. 2) is DISMISSED.

3. The Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4. The Clerk of Court shall have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint lacks arguable substance in law or fact.

5. The Clerk of Court shall have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

DATED this 29th day of September, 2015.

/s/ Susan P. Watters
SUSAN P. WATTERS
United States District Judge